*175 Cavanagh, J.
(concurring in part and dissenting in parí). I agree with the majority regarding the continuing viability of Powell v Casco Nelmor Corp, 406 Mich 332; 279 NW2d 769 (1979). I farther agree with the majority that the Court of Appeals erroneously substituted MCL 418.301(9)’s reasonable employment definition for MCL 418.301(4)’s disability requirement. However, I write separately because I disagree with the majority’s decision to overrule Haske v Transport Leasing, Inc, 455 Mich 628; 566 NW2d 896 (1997).
The Haske Court found that the first sentence of MCL 418.301(4) was ambiguous, and examined the law and the Legislature’s changes to resolve this ambiguity. Haske at 643-653. After such examination, the Court determined that the Legislature must have intended to adopt the definition of disability that “an employee is disabled whenever he can no longer perform a job suitable to his qualifications and training as a result of his injury.” Id. at 655. The Court reasoned:
Subsection 301(4) . . . requires the employee to prove a disability, i.e., that he is eligible for compensation, and then prove wage loss, i.e., that he is entitled to an award. This language codifies the prior approach in Michigan that injury is not compensable without wage loss. If the employee establishes a disability, he must further prove a wage loss because wage loss will not be presumed. See subsection 301(4). However, in order to prove a wage loss, under the language of the statute and on the basis of our longstanding interpretation of related precedent, most recently confirmed in Sobotka [v Chrysler Corp (After Remand), 447 Mich 1, 17; 523 NW2d 454 (1994) (Boyle, J., lead opinion)], the employee must establish a reduction in earning capacity.
With this conclusion, the definition of disability in subsection 301(4) cannot then be logically interpreted as a reduction of wage-earning capacity as long as wage loss is *176 also measured by a reduction in wage-earning capacity. See Lawrence v Toys R Us, 453 Mich 112, 121; 551 NW2d 155 (1996) (Levin, J., plurality opinion). Subsection 301(4)’s second sentence eliminates the possibility that disability and wage loss are defined the same way when it provides that proof of a “disability does not create [a] presumption of wage loss.” [Haske at 654-655 (emphasis in original).]
Because I remain committed to the Court’s decision in Haske, I respectfully dissent from the majority’s decision to overrule Haske.
I also must express my disappointment with the majority’s lengthy response to Justice Kelly’s dissenting opinion. I appreciate that my colleagues feel the need to defend and substantiate their respective positions, after all, that is our duty as justices. However, I am uncomfortable with the majority’s overzealous attack of Justice Kelly’s discussion of stare decisis. It is completely unnecessary to add numerous pages defending the majority’s decision to overrule precedent and attacking Justice Kelly’s positions in previous cases. These lengthy sections have nothing to do with the merits of this case and do not add anything to the resolution of the question at hand. They do, however, speak volumes about the majority’s manic sensitivity to criticism.